UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIVERSIFIED FOODS AND SEASONINGS, INC. | * * * | CIVIL ACTION NO: 10-4339 |
| VERSUS | * * | JUDGE ZAINEY |
| BASIC FOOD FLAVORS, INC., ET AL. | * | MAGISTRATE JUDGE CHASEZ |

*************************************************************************

**MEMORANDUM IN OPPOSITION TO EMPLOYERS
FIRE INSURANCE COMPANY'S MOTION TO STAY**

I. **INTRODUCTION**

Before the Court is Defendant, Employers Fire Insurance Company ("Employers") Motion to Stay proceedings in this matter. (R. Doc. 32-1). For the reasons detailed below, Plaintiff, Diversified Foods and Seasonings, Inc. ("Diversified"), respectfully requests that Employers' motion be denied.

II. **BACKGROUND**

This dispute arises out of the U.S. Food and Drug Administration's recall of the food ingredient hydrolyzed vegetable protein ("HVP") that was being manufactured by Basic Food Flavors, Inc. ("Basic"). Basic manufactured and distributed numerous batches of the defective

1

HVP prior to the USFDA's recall and allegedly caused damages to many direct and downstream customers.

On July 7, 2010, Basic's insurer, Employers, filed a Complaint for Declaratory Relief in the United States District Court, District of Nevada[1] (the "Nevada Litigation"). In the Nevada Litigation, Employers is seeking a declaration on the limited issue of its duties and obligations under an insurance policy Employers issued to Basic. Specifically, Employers is seeking a judgment declaring that it is not liable to Basic for Basic's negligent manufacturing and distribution of the tainted HVP products. Employers and Basic are the **only** parties to the Nevada Litigation.

On November 16, 2010, Diversified filed the current suit against defendants Basic, ConAgra Foods Food Ingredients Company, Inc., d/b/a/ J.M. Swank Company ("ConAgra"), Tisdale and Associates, Inc., d/b/a/ Tisdale Food Ingredients ("Tisdale"), and Employers. In this litigation, Diversified is seeking damages for Defendants' breach of contract and warranty, violation of the Louisiana Products Liability Act and Lanham Act, breach of warranty of redhibition, and negligence acts – all in relation to Diversified's receipt of defective batches of HVP.

On March 24, 2011, Employers filed a Motion to Stay proceedings in this matter. (R. Doc. 32-1). In its motion, Employers asserted that these proceedings should be stayed pending the outcome of the Nevada Litigation. For the following reasons, Diversified respectfully requests that Employers' Motion to Stay be denied.

---

[1] *Employers Fire Insurance Company v. Basic Food Flavors, Inc.*, 10-1109 (D. Nv. 2011).

## III. LAW AND ANALYSIS

Defendant Employers alleges that because the Nevada Litigation and the current suit are similar in nature, the "first to file" rule applies and this Court should stay proceedings until a judgment is reached in the Nevada Litigation. This argument is without merit.

### A. *The first-to-file ruled is inapplicable to the current litigation.*

The first-to-file rule is based on the "principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "It requires federal district courts - courts of coordinate jurisdiction and equal rank - to exercise care to avoid interference with each other's affairs." *Twin City Insurance Co. v. Key Energy Services, Inc.*, 2009 WL 1544255, *3 (S.D. Tex. June 2, 2009) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). The "crucial inquiry" under the first-to-file rule is whether a "substantial overlap" exists between the cases. *Save Power Ltd.*, 121 F.3d at 950. A substantial overlap exists when the "overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree." *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 329 (N.D. Tex. 1989). When related cases have issues that "substantially overlap," the court in which the case was last filed *may* refuse to hear the issues. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

Also, the law is clear that "the 'first-to-file' rule gives the *first-filed* court the responsibility to determine which case should proceed."[2] *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 997 (E.D.Tex. 1993). See also, *Save Power Ltd.*, 121

---
[2] Emphasis added.

3

F.3d at 950 ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.").

Here, the first-to-file rule does not apply because there is no substantial overlap between the current litigation and the Nevada Litigation. There are many parties in the current matter who are not parties to the Nevada Litigation and have no interest in that matter. Diversified is not a party to the Nevada Litigation and therefore cannot assert its claims as counterclaims or cross-claims in that case. Furthermore, there is no basis for Employers or Basic to bring a claim against Diversified or to add Diversified as a party to the declaratory judgment action. Also, ConAgra, Tisdale and State Farm, Tisdale's insurer[3], are not parties to the Nevada Litigation.

As pointed out by Employers, "[t]he Nevada Litigation is essentially a coverage dispute[,]" focused solely on the isolated issue of whether Basic's actions are covered by the insurance policy issued by Employers. While this issue may eventually be addressed in this matter, it is only tangentially related. There are far too many other issues that have to be decided. Diversified has alleged that the collective Defendants have breached contracts and warranties, violated the Louisiana Products Liability Act and Lanham Act, and negligently manufactured and distributed batches of HVP. All of these issues will likely be decided before the Court rules on the isolated issue of whether Employers is responsible as Basic's insurer. Employers essentially acknowledges the lack of substantial overlap by asserting in its motion that "the issue raised in the Nevada litigation is identical to **an issue** in the Louisiana litigation."[4] (R. Doc. 32, p. 2). Asserting that **one issue** may be addressed by the Nevada court is far from

---

[3] State Farm has not yet been added as a defendant in this matter.

[4] Emphasis added.

4

establishing the "substantial overlap" necessary to justify the application of the "first-to-file" rule. Also, in its memorandum, Employers argues that the "coverage issues," not the cases, substantially overlap.[5] That is not the appropriate test for determining whether there is substantial overlap between cases.

The overall content of these two cases are very capable of independent development and will not overlap to a substantial degree. *Superior Sav. Ass'n,* 705 F. Supp. at 329. There is therefore no substantial overlap between the two matters and this Court should deny Employers' request to stay proceedings in the current litigation.

### B. Relevant authority suggests that these proceedings should not be stayed.

Notwithstanding that there is no substantial overlap between the Nevada Litigation and the current matter, Employers asserts that relevant authority suggests that the first-to-file rule applies in this matter. In its memorandum, Employers states:

> A similar issue was recently discussed by Judge Duval in In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4565938 (E.D. La. Oct. 9, 2008). In this portion of the case, the plaintiffs sought to have the court rule on certain insurance coverage disputes despite the fact that these issues were pending in the Southern District of New York. The court clarified that it would not rule on the insurance dispute because as [sic] the New York court would decide the matter on an expedited basis. Id.

(R. Doc. 32-1, pgs. 3-4). This summarization of Judge Duval's ruling is inaccurate. In the portion of the *In re Katrina* case cited by Employers, the court ruled on a defendant insurer's Motion for Leave to file its first amended answer and to assert its cross-claims. The court ruled that it would not allow the insurer to file its amended answer and assert cross-claims (which involved coverage disputes) because identical coverage dispute issues were already pending in

---

[5] On page 3 of its memorandum, Employers argues: "Thus, the coverage issues not only 'substantially overlap,' but are identical."

5

the Southern District of New York. The court's ruling was largely based on the Southern District of New York court's declaration that the coverage dispute issues were being reviewed and were going to be resolved in an expedited manner. More importantly, the court did not dispute the Southern District of New York's holding that the first-to-file rule was inapplicable to the coverage issues. The court did not stay the entire proceedings to wait for the outcome of the New York proceedings. Rather, the court denied the defendant insurer's motion to file the amended answer and cross-claims, and refused to take up the isolated coverage dispute issue because that issue was being handled expeditiously in another district.

Similar to the *In re Katrina* ruling, the first-to-file rule is inapplicable here. The situations are also similar in that there is no need for this court to stay the entire proceeding so that the isolated issue of insurance coverage can be decided first in another district. Further, there are numerous parties to this suit, many of which are not concerned with Employers' liability to Basic. Nevertheless, Employers asserts that if these proceedings are not stayed, it "will be forced to spend significant resources litigating the same issue in two forums." (R. Doc. 32-1, pg. 4). The *In re Katrina* ruling provides guidance which this Court can use to resolve Employers' concerns. In accordance with that ruling, this Court can proceed with the other aspects of this litigation and refuse to address the isolated coverage dispute issue until the Nevada Litigation is resolved. Despite Employers' assertions, such a decision would eliminate the chance of any overlap or conflicting decisions, would not result in piecemeal litigation, and would promote judicial economy without jeopardizing the rights of the other parties in this matter.
6

**C.** *Employers' anticipatory suit, seeking only a determination under the Declaratory Judgment Act, 28 U.S.C. §2201, should not be used as a procedural tool to delay the resolution of Diversified's damages action or to determine an appropriate forum for Diversified's claims.*

In *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971), the Fifth Circuit noted that the first-to-file rule should be followed "[i]n the absence of compelling circumstances." *Id*. at 407. In this case, in addition to there being a lack of substantial overlap with the Nevada Litigation, there are compelling circumstances that support the rejection of the rule. The court in *Johnson Bros. Corp. v. International Broth. of Painters*, 861 F.Supp. 28 (M.D.La. 1994) held that "'[c]ompelling circumstances' exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum." *Id*. at 29.

At the time it filed its Complaint for Declaratory Relief, Employers was certainly aware that both it and Basic, its insured, would likely be parties to litigation related to the HVP recall. In its Complaint (R. Doc. 23-1), Employers wrote:

> 20. Upon information and belief, the HVP Recall impacted over one hundred of Basic Food's own customers ("Direct Customers"), and also impacted an unknown quantity of those customers' downstream suppliers, distributors, retailers and/or customers ("Downstream Entities").
>
> 21. Upon information and belief, certain of the Direct Customers and the Downstream Entities have demanded that Basic Food indemnify them for losses, costs or expenses incurred as the result of the HVP Recall.
>
> 22. Based upon the Direct Customers' and the Downstream Entities' HVP Recall indemnification demands, Basic Foods tendered a claim for coverage

under the CGL Section and the Umbrella Section of the Policy to Employers on or

around March 19, 2010.

R. Doc. 23-1, p. 4.

Employers should not now be able to use the anticipatory filing of its declaratory judgment action to demand that all litigation against its insured be stayed, or proceed in Nevada, the home forum and principal business location of its insured. As the court in *Texas Instruments* noted, "[t]he federal declaratory judgment is not a prize to the winner of the race to the courthouse." *Texas Instruments*, 815 F.Supp. at 998 (citing *Tempco Electric Heater Corporation v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir.1987)).

## IV. CONCLUSION

There is no substantial overlap between this case and the Nevada Litigation. At best, there is a single issue, Employers' coverage liability to Basic, that may be decided by the Nevada court. That single issue does not justify the application of the first-to-file rule, which would limit Diversified's ability to proceed against the other defendants in this matter, who are also not parties to the Nevada Litigation. Additionally, the fact that Diversified is not a party to the Nevada Litigation should weigh in favor of denying Employers' motion, considering that Diversified's claims cannot be asserted as counterclaims or cross-claims in that matter.

Furthermore, the anticipatory filing of Employers' declaratory judgment action constitutes "compelling circumstances" that warrant a departure from the general first-to-file rule. It would be inherently unfair, and not in the interest of justice, to require Diversified to await the resolution of a single issue in the Nevada litigation before it can proceed against the

defendants in this matter, or to allow Employers to select the forum for all litigation against its insured related to the HPV recall.

For the reasons expressed herein, the Court should deny Employers' Motion to Stay.

>Respectfully submitted,
>
>AJUBITA, LEFTWICH & SALZER, LLC
>
>BY:   s/ JASON R. ANDERS
>       A. ALBERT AJUBITA
>       La. Bar Roll No. 2361
>       E-mail: aajubita@alsfirm.com
>       JASON R. ANDERS, T.A.
>       La. Bar Roll No. 26171
>       E-mail: janders@alsfirm.com
>       JAMES R. WASHINGTON, III
>       La. Bar Roll No. 32792
>       E-mail: jwashington@alsfirm.com
>       1500 Energy Centre
>       1100 Poydras Street
>       New Orleans, LA 70163-1500
>       (504) 582-2300
>
>And
>
>PASCAL F. CALOGERO, JR.
>La. Bar Roll No. 3802
>E-mail: pcalogero@alsfirm.com
>1500 Energy Centre, 1100 Poydras Street
>New Orleans, LA 70163
>Tel: (504) 582-2300
>
>Attorneys for plaintiff, Diversified Foods and Seasonings, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>s/JASON R. ANDERS____